UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| THE MICCOSUKEE TRIBE<br>OF INDIANS OF FLORIDA,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE TREASURY and UNITED STATES OF AMERICA,<br><br>    Defendants. | Case No. 1:20-cv-23182-KMW |

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTION TO TRANSVER**

Plaintiff, the Miccosukee Tribe of Indians of Florida ("Miccosukee Tribe" or "Tribe"), hereby responds to Defendants' recently filed Motion to Transfer (Dkt. # 17).

**SUMMARY**

Primarily for the following reasons, Defendants' Motion to Transfer is without merit and should be rejected:

A. The first-to-file rule does not support transfer because the first-filed case is no longer pending in the requested transferee court, the D.C. District Court. Furthermore, the requested transfer should be rejected because it does not promote judicial economy and instead constitutes forum shopping by Treasury.

B. Section 1404(e) also does not support transfer because the factors the court must consider when evaluating a transfer request do not outweigh the considerable deference given to the Miccosukee Tribe's choice to litigate in its home forum.

## ARGUMENT

    A.    **The first-to-file rule does not support transfer as no case is pending in the D.C. District Court, and Defendants' request constitutes forum shopping.**

The discretionary first-to-file rule provides that, absent compelling circumstances, when parties have instituted competing or parallel litigation in separate courts, the court where the first action was filed should decide the case. *See Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982). Transfer under the first-to-file rule typically analyzes three factors: (1) the chronology of the two actions; (2) the similarity of the parties; and, (3) the similarity of the issues. *See Pena v. Heath*, 2019 U.S. Dist. LEXIS 153764, at *6 (S.D. Fla. Sep. 10, 2019) (*adopted by Pena v. Heath*, 2019 U.S. Dist. LEXIS 206006 (S.D. Fla. Nov. 27, 2019)).

Importantly, the first-to-file rule is not a "hard-and-fast rule." *Cardenas v. Toyota Motor Corp.*, 2019 U.S. Dist. LEXIS 165664, at *5 (S.D. Fla. Sep. 25, 2019). It "is not an absolute, mandatory, inflexible requirement. Rather, courts have routinely cautioned against rote, mechanical application of the first-filed rule, and instead weigh the issue in the broader context of the ends of justice.'" *Pena*, 2019 U.S. Dist. LEXIS 153764, at *6. Accordingly, even when all three factors are present, courts retain substantial discretion in applying the rule. For example, transfer can be avoided by demonstrating "compelling circumstances necessary to justify an exception." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). Those circumstances include forum shopping, bad faith negotiations, and the filing of anticipatory lawsuits. *See Belacon Pallet Servs., LLC v. Amerifreight, Inc.*, 2016 U.S. Dist. LEXIS 195606, at *9 (N.D. Fla. Mar. 26, 2016).

Treasury's transfer request should be denied because, (1) no similar case is pending in the D.C. District Court, and (2) Treasury's request constitutes forum shopping as it seeks to transfer this case from the Tribe's home district to an out-of-district judge who recently ruled in its favor.

### 1. No similar case is pending in the U.S. District Court for the District of Columbia.

For the first-to-file rule to apply, it is not enough for the defendant to prove that a different case was filed first. The defendant generally also must prove that the first-filed case is still pending in a "federal court[ ] of *equal rank*." See *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs.*, 16 Fed. Appx. 433, 437 (6th Cir. 2001) (emphasis added). The case Treasury identifies as "first filed"—*Shawnee Tribe*—is no longer pending in the requested transferee court, the D.C. District Court. Rather, it is now pending in the U.S. Court of Appeals for the D.C. Circuit. See Exhibit 1 (Notice of Appeal, *Shawnee Tribe v. Mnuchin, et al.*, USCA Case #20-5286, Document # 1862585 (09/21/2020). Accordingly, the D.C. District Court no longer has jurisdiction over the *Shawnee* case. See *United States v. Rogers*, 788 F.2d 1472, 1475 (11th Cir.1986) ("The filing of a notice of appeal normally divests the district court of jurisdiction over matters concerned in the appeal and transfers jurisdiction over those matters to the court of appeals.").

The general requirement that the first-filed case must be pending in a court of equal rank is not just a technicality. It assures that transfer decisions will be based upon concern for judicial economy issues instead of an effort to bind one federal court to another federal court's final judgment. The first-to-file rule "is not meant to bind a party to a prior judgment; rather, the rule merely determines which court is the most appropriate venue." See *Jackson v. Rhino Entertainment Company*, 2017 WL 8232807 (C.D. Cal. Feb. 22, 2019), at *5 (internal quotations omitted); *see also Cadle Co. v. Whataburger of Alice*, 174 F.3d 599, 603–04 (5th Cir. 1999)

(comparing collateral estoppel and the first-to-file rule and noting that under the first-to-file rule, the second-filed court "is not binding the litigants before it to a ruling of the first[-filed court]").

*Jackson v. Rhino* involved a transfer request practically identical to Treasury's request here. In *Jackson* the District Court for the Central District of California rejected a request to transfer to the Southern District of New York under the first-to-file rule because the first-filed case had been appealed to the U.S. Court of Appeals for the Second Circuit and, thus, was no longer pending in the Southern District. *See Jackson*, 2017 WL 8232807. The court held that where "the first-filed case is no longer pending before another district court, it appears that the first-to-file rule has no application." *Id.* at *5. The first-to-file rule similarly has no application in the present case, because there is no pending case in a court of equal rank.[1]

In a footnote, Treasury cites *Clinton v. Sec. Ben. Life Ins. Co.*, 2020 U.S. Dist. LEXIS 42910 (S.D. Fla. Mar. 12, 2020), for its assertion that "the first-to-file [rule] still applies when the first-filed case is on appeal." Defs' Br. at 7 n. 7. But Treasury mischaracterizes the holding of the *Clinton* case. In *Clinton*, the magistrate judge *refused* to grant a stay under the first-to-file rule because the first-filed case was pending in the Tenth Circuit Court of Appeals, not in another District Court of equal rank. *Id.* at *10.[2] The *Clinton* court confirmed that the first-to-file rule generally applies only when there are two pending federal District Court actions. *Id.* at *7. *Clinton* did state that a District Court has authority to make an exception to this general approach and apply the rule, in the interests of comity, even if a first-filed case is pending in an appellate court. *Id*.

---

[1] In reaching its conclusion, the court noted that the "inapplicability of the first-to-file rule is made apparent by the fact that the court lacks the ability to transfer the action to the Second Circuit" because 28 U.S.C. § 1404(a) only allows transfer to another "district or division where it may have been brought." *See Jackson*, n. 4.

[2] The cases *Clinton* "collects" fare no better—not a single case affirmatively supports Treasury's statement or allows a transfer from a district court because of a similar case on appeal.

But *Clinton* refused to apply the exception due to uncertainty over how long the first-filed case would be pending in the appellate court and uncertainty regarding how the appellate court would rule. *Id*. at *9.  The court found that the request for a stay under the first-to-file rule was not compelling because, "unlike most cases where there are two pending district court cases, there is uncertainty as to how the [first filed] action (if it survives at all) will proceed if the Tenth Circuit reversed the district court's dismissal order." *Id*. at. *9-10.  And the court held that rather than waiting on a decision from the Tenth Circuit, the matter should be "litigated in the interim."  *See id*. at *10.

The same reasoning applies here.  The *Shawnee* case is no longer pending in the D.C. District Court as the plaintiff in that matter filed its notice of appeal on September 15, 2020.  See Exh. 1).  This Court cannot predict how or when the *Shawnee* appeal will be resolved.  As the Court noted in *Clinton*, under such circumstances, the "most prudent course" is for this case to proceed where the plaintiff filed.  *See id*.

### 2. Defendant's request to transfer constitutes forum shopping.

In the alternative, even if this case satisfied the elements of the first-to-file rule, the Court should exercise its discretion to deny transfer. "[The] party objecting to jurisdiction in the first-filed forum has the burden of demonstrating that compelling circumstances support an exception to the first-to-file rule." *Pena v. Heath*, 2019 U.S. Dist. LEXIS 153764, at *8 (S.D. Fla. September 10, 2019).  Compelling circumstances traditionally include forum shopping, bad faith negotiations, and the filing of an anticipatory lawsuit.  *See id*.  However, "these are not the only instances where a court could find compelling circumstances." *Id*.  Indeed, "[t]he first to file rule is not meant to be rigid or inflexible and should be applied in a manner that best serves the interests of justice. *Id*. (citing *Zampa v. JUUL Labs, Inc*., 2019 U.S. Dist. LEXIS 68556 (S.D. Fla. Apr. 23, 2019)).

Treasury's effort to transfer constitutes forum shopping, thus justifying an exception to the first-to-file rule. Prior to filing its complaint, the Miccosukee Tribe spent months lobbying U.S. officials to correct errors in the Tribe's CARES Act distribution. Only after those efforts proved unsuccessful did the Tribe file its lawsuit. And when it filed its lawsuit on July 31, 2020, it did so in the Federal judicial district in which it resides, the Southern District of Florida. The Justice Department was served with the Tribe's complaint by August 10, 2020. *See* Dkt. # 6. Although it could have sought a transfer to the D.C. District Court at any time after being served, Treasury did not do so until September 25, 2020 – six weeks after being served. Tellingly, Treasury did not seek a transfer until after the D.C. District Court ruled in its favor and dismissed the *Shawnee Tribe* matter on September 10, 2020. *See Shawnee Tribe v. Mnuchin, et al.*, Case No. 1:20-cv-01999-APM, Dkt. # 48 (Sept. 10, 2020). *Shawnee Tribe* is the first-filed case that, according to Treasury, justifies transfer to the D.C. District Court. Thus, Treasury waited six weeks to seek a transfer and only did so after the transferee court ruled in its favor.

The foregoing chronology undermines Treasury's assertion that the Tribe engaged in forum shopping—*by filing its complaint in its home district*—and supports the contention that Treasury is now engaged in forum shopping. In *Shawnee*, there is nothing left for the D.C. District Court to consider. Thus, there is no opportunity for consolidation and the requested transfer will not conserve judicial resources. Thus, the only plausible reason for the requested transfer is Treasury's desire to gain the benefit of the D.C. District Court's prior ruling in *Shawnee*.

Contrary to Treasury's assertions, and as explained in the Tribe's reply to Treasury's opposition to its motion for preliminary injunction, the timing of the Tribe's complaint and motion are not suspect. Rather, the Tribe's timing was dictated by its responsible approach to resolving this dispute and the progress of the expedited appeal in the *Confederated Tribes* matter which

created the possibility that funds available to satisfy a judgment would be disbursed suddenly. *See* Plaintiff's Reply, Dkt # 18, pp. 9-10.  Contrary to Treasury's assertion, the Tribe is not seeking a "third bite at the apple." Rather, the Tribe is seeking relief for the first time.  Thus, compelling circumstances justify an exception to the first-to-file rule, and the Tribe's choice of forum should not be disturbed. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."); *In re Ricoh*, 870 F.2d 570, 573 (11th Cir. 1989) ("The federal courts traditionally have accorded a plaintiff's choice of forum considerable deference.").

### B. Transfer under 28 U.S.C. § 1404(a) is Unwarranted Because Each Factor Counsels in Favor of Keeping the Case in this Court.

Transfer also is not warranted under the federal venue statute, 28 U.S.C. § 1404. Courts may transfer a case "for the convenience of parties and witnesses" and "in the interest of justice" to "any other district or division where [the case] might have been brought." 28 U.S.C. § 1404(a). In determining whether "the balance of justice and convenience" favors transfer, the Eleventh Circuit weighs "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on a totality of the circumstances." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

These factors weigh against transfer to the D.C. District Court. *First,* this case—like other APA cases—will not require a trial, witnesses, discovery, or documents that cannot be exchanged electronically. That means factors 1-5 and 9 cannot weigh against Plaintiff's choice of forum.

7

*Second,* The Miccosukee Tribe elected to file this case in the Southern District of Florida because that is where the Tribe is based. A Plaintiff's choice of forum is afforded a great deal of deference. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."). *Third,* the relative means of each party also tips in favor of the Tribe. While Treasury has virtually unlimited resources, COVID-19 has had a significant financial impact on the Tribe.

Treasury hangs its hat on the assertion that familiarity with governing law and "efficiency" weigh in favor of transferring this case to the District of Columbia. The D.C. District Court's prior exposure to the law in different cases involving similar claims does not outweigh all of other factors discussed above. In addition, Treasury misconstrues the governing law prong, which typically prevents federal courts from interpreting state law in jurisdictions where the federal court does not sit. *See e.g. MC Asset Recovery v. S. Co.*, 2008 U.S. Dist. LEXIS 123609, at *26 (N.D. Ga. Apr. 1, 2008); *Fruitstone v. Spartan Race Inc.*, 2020 U.S. Dist. LEXIS 93682, at *26 (S.D. Fla. May 28, 2020); *Harris v. Lawson*, 2008 U.S. Dist. LEXIS 78808, at *11–12 (M.D. Ga. Aug. 27, 2008). There is no requirement that a single federal judge must resolve every claim under a single federal statute. This Court should deny the motion to transfer.

Respectfully submitted, this 28th day of September, 2020.

/s/ George B. Abney
George B. Abney
Daniel F. Diffley (admitted *pro hac vice*)
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
(404) 881-7000 (telephone)
(404) 881-4777 (facsimile)
E-mail: George.Abney@alston.com

                                             Daniel G. Jarcho (admitted *pro hac vice*)
                                             ALSTON & BIRD LLP
                                             950 F Street, N.W.
                                             Washington, DC 20004-1404
                                             (202) 239-3300 (telephone)
                                             (202) 239-3333 (facsimile)
                                             E-mail:  Daniel.Jarcho@alston.com